NicholsoN, C. J.,
delivered the opinion of the Court
Complainant was sued before a Justice of the Peace, in Dyer county, on a note for $200 executed by him, on the 5th of October, 1857, payable to Enoch Bryan, administrator of A. D. Boon, on which judgment was rendered. He has filed his bill of injunction against the judgment, and alleges, that after the settlement of *94 tbe estate of A. D. Boon, this note was handed over by the administrator to John A. Boon, guardian of the two minor children of A. D. Boon, deceased. He states, that the guardian recovered the judgment aforesaid, for the use and benefit of the said minors, to whom the proceeds, if collected, will belong. He alleges, further, that the two minors were indebted to him in a much larger amount than the note, for clothing, schooling, etc., which he furnished them, through a series of years, and that they were so indebted at the time said judgment was rendered. But he did not attempt to set-off his claim, because he was advised, that as the interest of the minors in the note was only equitable, he could not set-off his legal demand against it.
The bill was demurred to, and demurrer sustained, and the bill dismissed by the Chancellor. without prejudice. From this judgment complainant has appealed to this Court.
There was no error in the action of the Chancellor in sustaining the demurrer. Complainant had a plain and unembarrassed remedy at law. If his claim against the minors was just and valid, he had a right to set it off against the note, of which he alleges that they were the real owners. Allen v. McNew, 8 Hump. 46; Hickerson v. McFaddin, 1 Swan, 258; Wilson v. Reaves, 4 Sneed, 176.
The allegations of the bill make out no case for relief in a Court of Equity.
The decree is affirmed with costs.